UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-0191-LJM-DKL-1 |
| | ) | |
| JOSE TORRES-LUEVANO, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Larry J. McKinney, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 1, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 7, 2013 and May 30, 2014 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 7, 2013, defendant Jose Torres-Luevano appeared in person with his appointed counsel, Joe Cleary. The government appeared by Gayle Helart, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Audrey Veneck, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The court advised Mr. Torres-Luevano of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Torres-Luevano questions to ensure that he had the ability to understand the proceedings and his rights.

2.	A copy of the Petition was provided to Mr. Torres-Luevano and his counsel, who informed the court they had reviewed the Petition and that Mr. Torres-Luevano understood the violations alleged. Mr. Torres-Luevano waived further reading of the Petition.

3.	The court advised Mr. Torres-Luevano of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Torres-Luevano was advised of the rights he would have at a preliminary hearing. Mr. Torres-Luevano stated that he wished to waive his right to a preliminary hearing.

4.	Mr. Torres-Luevano stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Torres-Luevano executed a written waiver of the preliminary hearing, which the court accepted.

5.	The court advised Mr. Torres-Luevano of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

On May 30, 2014, the court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

6.       Mr. Torres-Luevano, by counsel, stipulated that he committed Violation Numbers 1, and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."**<br><br>On July 21, 2013, an officer with the Indianapolis Metropolitan Police Department observed a vehicle make an improper turn. After activating his overhead lights and sirens, the 2002 blue Ford Explorer, which had three occupants inside, pulled over. The back seat passenger, later identified as Jose Torres, exited the rear passenger seat and began running. The officer observed him stuffing a black object in his front waist band. The offender was pursued, then detained. A small plastic bag containing marijuana was found in the offender's front right pocket. The offender identified himself as Luis Soto, but later his identity was confirmed to be Jose Torres. He was charged with possession of Marijuana, a misdemeanor, and Resisting Law Enforcement, a misdemeanor, in Marion County Superior Court, case number 49F071307CM047668. The offender was released on his own recognizance. He failed to appear for a hearing on July 30, 2013. A warrant was issued for his arrest and remains outstanding. |
| 2 | **"Upon completion of imprisonment, the defendant shall be surrendered to Immigration authorities for deportation proceedings pursuant to the Immigration and Naturalization Act, and if detained shall not be required to report to the probation officer within 72 hours of release from imprisonment. The defendant shall not enter the U.S. illegally. If granted permission by Immigration authorities to remain in or legally re-enter the U.S. during the period of supervised release, the defendant shall report immediately to the probation officer."** |

7. The court placed Mr. Torres-Luevano under oath and directly inquired of Mr. Torres-Luevano whether he admitted violations 1, and 2 of his supervised release set forth above. Mr. Torres-Luevano admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Torres-Luevano's criminal history category is 5.

   (c) The range of imprisonment applicable upon revocation of Mr. Torres-Luevano's supervised release, therefore, is 7-13 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of seven (7) months, with supervised release to follow; and (c) the defendant is to be taken into custody immediately.

10. The parties did argue as to whether the sentence should be served concurrently or consecutively to the sentence received under 1:13-cr-0177-TWP-MJD-1. The Court finds that the sentence should be consecutively.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JOSE TORRES-LUEVANO, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of seven (7) months, with supervised release to follow. The sentence is to be served consecutively with the sentence received under 1:13-cr-0177-TWP-MJD-1. The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Torres-Luevano stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Torres-Luevano entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Torres-Luevano's supervised release, imposing a sentence of imprisonment of seven (7) months, with supervised release to follow. The sentence is to be served consecutively with the sentence received under 1:13-cr-0177-TWP-MJD-1. The defendant is to be taken into custody immediately.

IT IS SO RECOMMENDED.

Date: 06/03/2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal